## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| John Lamont McKinnon, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:23cv804 (RDA/JFA) |
| | ) | |
| Harold Clarke, | ) | |
|     Respondents. | ) | |

### MEMORANDUM OPINION AND ORDER

Virginia inmate John Lamont McKinnon ("Petitioner"), proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking to vacate his November 22, 2019 convictions in the Circuit Court for the City of Newport News, Virginia for one count of malicious wounding and one count of use of a firearm in commission of a felony; and for his February 5, 2020 conviction for one count of possession of ammunition by a convicted felon. [Dkt. No. 1]. Petitioner acknowledges that he has previously challenged his convictions in a civil action filed pursuant to 28 U.S.C. § 2254, *see McKinnon v. Clarke*, No. 1:21cv846, 2022 WL 1572246, at *1 (E.D. Va. May 18, 2022), *appeal dismissed*, No. 22-6666, 2022 WL 17423468 (4th Cir. Aug. 31, 2022), but asserts he may proceed under § 2241 because he claims the state court did not have jurisdiction to convict him. [Dkt. Nos. 1-1, 1-2]. Because Petitioner seeks to have his convictions vacated and to be immediately released from custody, [*id.*], his petition is properly construed as a § 2254 petition. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (Congress created 28 U.S.C. § 2254 as the vehicle for state prisoners to use when they seek to overturn their convictions). Section 2241 petitions are the proper vehicle to raise claims challenging "the execution of a sentence." *Id.*

at 1194 n.4.[1] Accordingly, this Court does not have jurisdiction to entertain a successive petition without an order from the United States Court of Appeals for the Fourth Circuit.

Title 28 U.S.C. § 2244(b) compels a district court to dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that but for constitutional error, no reasonable fact Finder would have found the applicant guilty of in in lying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244, however, does not lie with the district court. It "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. *Evans*, 220 F.3d at 325. Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit. This Court

---

[1] *Vial* cites the Tenth Circuit's opinion in *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), which held, in relevant part, that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."

therefore lacks jurisdiction to consider this successive petition and the petition will be dismissed without prejudice.

Accordingly, it is hereby ORDERED that this successive petition [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, Petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order Petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to Petitioner and to close this civil action.

Entered this 7th day of July 2023.

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge